Michael NEWCOMB,
Petitioner-Appellant,

v.

Donald E. BORDENKIRCHER, Superintendent, Kentucky State Penitentiary,
Respondent-Appellee.

No. 78-3327.

United States Court of Appeals,
Sixth Circuit.

Argued April 6, 1979.

Decided July 23, 1979.

Michael Newcomb, Paul W. Martin, Cincinnati, Ohio (Court-appointed), for petitioner-appellant.

Robert F. Stephens, Atty. Gen. of Kentucky, Mark F. Armstrong, Asst. Atty. Gen., Frankfort, Ky., for respondent-appellee.

Before EDWARDS, Chief Judge, KEITH, Circuit Judge, and BROWN,* District Judge.

PER CURIAM.

In this appeal from denial of his habeas corpus petition, petitioner-appellant Newcomb contends that his state court conviction as an habitual criminal and the 20-year sentence which he received should be set aside because there was inadequate proof that he was the same Michael Newcomb who had been previously convicted of armed robbery—the offense which the state relied upon as predicate for the habitual criminal conviction.

Appellant also contends that his 20-year sentence violates the Eighth Amendment and the due process and equal protection clauses of the Fourteenth Amendment to the Constitution of the United States.

A search of this record discloses that appellant never raised his first claim at either his state court trial or in his habeas petition before the United States District Court. Under these circumstances, he has failed to exhaust his remedies for purposes of relief under 28 U.S.C. § 2254 (1976).

Appellant's second claim, based vaguely on the Eighth and Fourteenth

* Honorable Bailey Brown, Chief Judge, United States District Court for the Western District of Tennessee, sitting by designation.

Amendments, was appropriately denied for the reason (among others) that settled case law in the United States Supreme Court requires us, as it did the District Judge, to deny habeas relief. *See Gregg v. Georgia,* 428 U.S. 153, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976); *Spencer v. Texas,* 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967); *Oyler v. Boles,* 368 U.S. 448, 82 S.Ct. 501, 7 L.Ed.2d 446 (1962).

The judgment of the District Court is affirmed.