779 F.2d 51
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
WALTER P. HEDIO, Petitioner-Appellant,
v.
ARTHUR TATE, JR., Respondent-Appellee.
 84-3539
 United States Court of Appeals, Sixth Circuit.
 10/16/85
 
 AFFIRMED
 S.D.Ohio
 On Appeal From the United States District Court for the Southern District of Ohio
 BEFORE: KEITH and MILBURN, Circuit Judges and PECK, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Petitioner, Walter P. Hedio, appeals from a district court order denying his second petition for a writ of habeas corpus. This case involves a convoluted procedural history including two dismissals by this Court for failure to present a petition free of unexhausted claims. The issues properly submitted in consideration of this petition for the writ are petitioner's claims of prosecutorial misconduct, a double jeopardy violation, prosecutorial comments on petitioner's failure to testify and a violation of the trial court's order for separation of witnesses.
 
 
 2
 In 1978 petitioner was convicted by a Cuyahoga County, Ohio jury on sixteen counts of receiving stolen property and two counts of grand theft. Petitioner, a minister of the religious sect True Followers of Jesus, cashed and deposited sixteen stolen welfare, pension and tax refund checks into the checking account of the church thrift shop which petitioner operated in East Cleveland, Ohio. Within two days of the robbery, petitioner endorsed and deposited the stolen checks which were presented to the thrift store and endorsed by only three different people. Petitioner contended at trial that the checks were cashed in the course of legitimate thrift shop business and that he had no reason to suspect or know the checks were stolen. The jury found petitioner guilty on sixteen counts of receiving stolen property and two counts of grand theft. Petitioner was sentenced to a total of 12 to 60 years imprisonment.
 
 
 3
 On appeal to this Court, petitioner contends the district court improperly denied the writ by ruling that the cumulative impact of the prosecutor's intemperate and derogatory remarks during the trial did not render his trial so unfair as to deprive him of due process. The record shows the prosecution attempted to leave the jury with unsubstantiated impressions that the petitioner was a fraudulent store front preacher engaged in a suspect religion and the operation of a t rift shop which 'fenced' stolen property. The prosecution also intemperately disparaged petitioner's religious sincerity and intimated without evidence that the church was linked to peddling pornographic material.
 
 
 4
 We agree with the courts below that the prosecutor's conduct in this trial was unprofessional and lacked the impartiality expected of a prosecuting attorney. In our view, the prosecution's unsubstantiated remarks are within striking distance of violating the petitioner's right to a fair trial. However, upon careful review of the record, we are unable to conclude that the remarks so infected the trial with unfairness that the resulting conviction was obtained through a denial of process. Donnelly v. DeChristoforo, 416 U.S. 637 (1974). We conclude the factors set forth in Cook v. Bordenkircher, 602 F.2d 117, 121 (6th Cir.), cert. denied., 444 U.S. 936 (1979), were satisfied: 1) whether the comments were made in response to comments by defense counsel; 2) whether defense counsel objected to the comments; 3) whether proof of guilt was overwhelming. The record reveals that several of the prosecutor's comments were made in response to petitioner's opening remark that he was an ordained minister and, that upon defense counsel's objections, the trial court issued curative instruction for the most egregious comments in addition to admonishing the prosecution. The record also establishes that the jury was presented with evidence that within two days of the robberies, petitioner deposited sixteen of the stolen checks in the thrift shop account when the normal volume of checks cashed was between ten and twenty-five per month and that only three different people submitted all of the checks to the thrift store for petitioner's endorsement. We are unable to conclude these facts do not constitute 'overwhelming' evidence that petitioner had reason to know the checks were stolen. See Cook v. Bordenkircher 602 F.2d at 120-21.
 
 
 5
 Petitioner next argues that the statutes under which he was convicted provide for multiple punishment for crimes consisting of the same elements in violation of the Fifth Amendment protection against double jeopardy and that, therefore, his sentence constitutes cruel and unusual punishment. Petitioner was convicted for receiving stolen property and for grand theft. In our views, grand theft involves the separate element of knowlingly depriving an owner of his property and, therefore, constitutes a crime distinct from that of receiving stolen property. Thus, under the double jeopardy clause, petitioner may be convicted of both crimes. Brown v. Ohio, 432 U.S. 161 (1977).
 
 
 6
 Petitioner was convicted of receiving 16 stolen checks and two counts of grand theft. Petitioner was sentenced on the basis of each count of receiving stolen property and each count of theft as opposed to a collective offense. Under Ohio Rev. Code Sec. 2941.25, in a single criminal proceeding, conviction and sentence may be passed upon two or more offenses arising from the same transaction if the offenses were committed separately or with a separate animus as to each offense. We are unable to conclude from the record that the district court clearly erred in finding the petitioner committed the offenses with a separate animus for each. Petitioner's sentence, therefore, is within the statutory limit and withstands scrutiny under the double jeopardy and cruel and unusual punishment clauses of the Constitution. See Newcomb v. Bordenkircher, 602 F.2d 128 (6th Cir. 1979). We do not reach petitioner's contentions that the prosecutor commented on his failure to testify. Petitioner's failure to object to the prosecutor's closing statement precludes review of the claim by the district court or on appeal to this Court. Finally, we find no merit to petitioner's claim that he was prejudiced by the testimony of a witness permitted to attend trial after the trial court issued an order for separation of witnesses. We are precluded from reviewing this claim as it presents a question of state law which does not, in our view, involve error rising to the level of a constitutional violation. Bell v. Arn, 536 F.2d 123 (6th Cir. 1976). Accordingly, the judgment of the Honorable Joseph P. Kinneary is hereby affirmed.